| | |
|---|---|
| 1 | KAUFMAN DOLOWICH & VOLUCK, LLP |
| | KATHERINE S. CATLOS (SBN 184227) |
| 2 | GABRIEL N. RUBIN (SBN 241659) |
| | BRANDON K. KAHOUSH (SBN 311560) |
| 3 | 425 California Street, Suite 2100 |
| | San Francisco, California 94104 |
| 4 | Telephone: (415) 926-7600 |
| | Facsimile: (415) 926-7601 |
| 5 | |
| | Attorneys for Defendants |
| 6 | CONSTELLATION BRANDS, INC. |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BROWN, | Case No. 1:17-CV-00590-BAM |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| CONSTELLATION BRANDS, INC., a Delaware corporation, | |
| Defendants. | Trial Date: November 6, 2018<br>Complaint Filed: March 27, 2017 |

Plaintiff RYAN BROWN ("Plaintiff") and Defendants CONSTELLATION BRANDS, INC. ("Defendant"; Plaintiff and Defendants are collectively referred to herein as the "Participating Parties," or either individually as a "Participating Party") hereby stipulate and agree as follows:

1. Good cause exists for the issuance of this Order in that the Participating Parties seek to have reasonable access to information relevant to liability and damages in this lawsuit while providing the Participating Parties with a means for limiting access to, and disclosure of, confidential, private, or trade secret information.

2. Participating Parties may designate all or portions of any document, thing material, testimony, inspection, product of an inspection or other information derived there from as "CONFIDENTIAL" under the terms of this Stipulated Protective Order ("Order"). Material designated as "CONFIDENTIAL" under the Order ("CONFIDENTIAL INFORMATION") may be

used only for the purpose of prosecution, defense, discovery, and/or mediation or settlement of this action, and not for any other purpose. CONFIDENTIAL INFORMATION includes: (a) confidential or sensitive proprietary, business, commercial, plant procedures and policies and personal information, or (b) information about current, past, or prospective employees that is of a confidential or private nature.

3. CONFIDENTIAL INFORMATION shall be so designated by stamping copies of the document produced or testimony with the legend "CONFIDENTIAL" or pre-designating any inspection and any derived product of the inspection as "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, stamping on a label on any electronic storage medium shall designate the contents of such electronic storage medium as CONFIDENTIAL INFORMATION and pre-designating any inspection shall designate the inspection and any product or reports of the inspection as ATTORNEYS' EYES ONLY MATERIAL. Whether or not any evidence or testimony is, in fact, designated as "CONFIDENTIAL" shall not be conclusive of whether it is lawfully entitled to protection as such, and the failure to make such a designation shall not constitute a waiver to do so.

4. CONFIDENTIAL INFORMATION produced pursuant to this Order shall be disclosed, revealed, or disseminated only to the Court, the court personnel or staff, Participating Parties, counsel of record for the Participating Parties, their associate attorneys, paralegals, secretaries, clerical staff and to the "QUALIFIED PERSON(S)" designated below.

(a) witnesses;

(b) experts and consultants retained by counsel in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition;

(e) a Participating Party, or an officer, director, managing agent, or employee of a Participating Party;

(f) any other person as to whom the Participating Parties agree in writing.

2.

5. Prior to reviewing any CONFIDENTIAL INFORMATION, each QUALIFIED PERSON shall execute the Non-Disclosure Agreement in the form of Attachment A. The Participating Parties must retain copies of any executed Non-Disclosure Agreements and must surrender said copies following the adjudication or settlement of this action as set forth in paragraph 18 herein. CONFIDENTIAL INFORMATION may be duplicated and transmitted to all persons identified in Paragraph 4.

6. Testimony taken at a deposition may be designated as CONFIDENTIAL INFORMATION by making a statement to that effect on the record at the deposition. Arrangements shall be made with the deposition reporter taking and transcribing information designated as confidential to bind such portions of the deposition transcript containing information designated as confidential, and to label such portions appropriately. Such deposition testimony shall be conducted only before those persons identified in Paragraph 4 herein.

7. Participating Parties may also designate all or portions of any document, thing material, testimony or other information derived there from as "ATTORNEYS' EYES ONLY." Material designated as "ATTORNEYS' EYES ONLY" ("ATTORNEYS' EYES ONLY MATERIAL") under the Order may be used only for the purpose of prosecution, defense, discovery, mediation or settlement of this action and not for any other purpose. ATTORNEYS' EYES ONLY MATERIAL is limited to such highly sensitive information such as any of the Participating Parties' trade secrets under the Uniform Trade Secrets Act (California Civil Code sections 3426, *et seq*.) or information relating to Defendant's finances. Information concerning or evidencing a Participating Party's claim for damages or offsets shall not be designated as ATTORNEYS' EYES ONLY MATERIAL, and shall be designated as CONFIDENTIAL INFORMATION, if designated at all.

8. ATTORNEYS' EYES ONLY MATERIAL shall be so designated by stamping copies of the document produced with the legend "ATTORNEYS' EYES ONLY" or pre-designating any inspection, including the product of any inspection, as "ATTORNEYS' EYES ONLY." Stamping the legend "ATTORNEYS' EYES ONLY" on the cover of any multi-page document shall designate all pages of the document as ATTORNEYS' EYES ONLY MATERIAL, stamping on a label on any electronic storage medium shall designate the contents of such electronic

storage medium as ATTORNEYS' EYES ONLY MATERIAL and pre-designating any inspection shall designate the inspection and any product or reports of the inspection as ATTORNEYS' EYES ONLY MATERIAL.  Whether or not any evidence or testimony is, in fact, designated as "ATTORNEYS' EYES ONLY" shall not be determinative of whether it is entitled to lawful protection as such, and the failure to make such a designation shall not constitute a waiver to do so.

9. ATTORNEYS' EYES ONLY MATERIAL produced pursuant to this Order shall be disclosed, revealed, or disseminated only to the Court, the court personnel or staff, and counsel of record for the Participating Parties, their associate attorneys, paralegals, secretaries and clerical staff, and to the "ATTORNEYS' EYES ONLY QUALIFIED PERSONS" designated below:

(a) experts and consultants retained by counsel in the prosecution, defense, or settlement of this action;

(b) court reporters(s) employed in this action;

(c) for the examination at a deposition of an employee or agent of the Participating Party who designated such information as ATTORNEYS' EYES ONLY MATERIAL;

(d) any other person as to whom the Participating Parties agree in writing.

10. Prior to reviewing any ATTORNEYS' EYES ONLY MATERIAL each ATTORNEYS' EYES ONLY QUALIFIED PERSON shall execute the Non-Disclosure Agreement in the form of Attachment B.  The Participating Parties must retain copies of any executed Non-Disclosure Agreements and must surrender said copies following the adjudication or settlement of this action as set forth in paragraph 18 herein.

11. Testimony taken at a deposition may be designated as ATTORNEYS' EYES ONLY by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the deposition reporter taking and transcribing information designated as ATTORNEYS' EYES ONLY to bind such portions of the deposition transcript containing information designated as ATTORNEYS EYES ONLY MATERIAL, and to label such portions appropriately.  During deposition testimony designated as ATTORNEYS' EYES ONLY MATERIAL, such a deposition, or portion thereof, shall be taken only in the presence of persons who are permitted access to such information under this Order, unless agreed in writing between counsel

12. Notwithstanding the above, the Participating Parties do not waive any right to challenge whether the material designated or not designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is properly designated or not designated as such, and do not waive any right to challenge at any hearing, trial or other proceeding, whether such CONFIDENTIAL INFORMATION is, in fact, confidential or private or whether such ATTORNEYS' EYES ONLY MATERIAL is entitled to protection under the Uniform Trade Secrets Act or any other legal or contractual protection.

13. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery or informal exchange of documents designated as "Confidential" or objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any or all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of the "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

14. The Participating Parties agree that disclosure of any material designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY to any news source, media outlet, or to any person who discloses the information to any news source or media outlet will result in irreparable harm.

15. Prior to seeking to admit or introduce any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL into the public record in this case, whether in writing or orally (including the filing of papers which constitute or contain Confidential Information, and including at the trial of this action), the Participating Parties and their attorneys will cooperate in good faith to seek appropriate rulings from the Court to safeguard the confidentiality of Confidential Information, to the extent possible, whether by sealing orders or otherwise. In the event that any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is used in any court proceeding in this action shall not lose their confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during and after such use.

16. If through inadvertence a Participating Party produces or offers as testimony any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL without labeling it or otherwise designating it as such, at any time, the producing Participating Party may give written notice designating such information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL to opposing counsel and to whomever the information was provided.

17. If any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is subpoenaed, or its production otherwise lawfully requested, by any third party, the Participating Party from whom the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is requested ("Subpoenaed Party"), shall immediately inform the Participating Party who designated such information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL ("Designating Party") in writing of the request. Upon request by the Designating Party, the Designated Party will promptly move for a protective order excusing disclosure of the requested CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL to the third party.

18. The terms of this Order shall survive the final termination of this action and shall be binding on the Participating Parties thereafter.

19. Within thirty (30) days of the termination or settlement of this action, the

Participating Parties must simultaneously exchange and surrender any CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL and copies of any deposition transcripts designated as CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL. Upon surrendering to the other side CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL and/or deposition testimony, the surrendering Participating Party must also execute and furnish to the other side the Surrender of Confidential Information and Attorneys' Eyes Only Material Testimony Agreement, in the form of Attachment C. Said exchange shall occur by FedEx overnight delivery.

20. No documents shall be filed under seal unless an appropriate order is entered in accordance with California Rules of Court 2.550, *et seq*. Unless and until such an order is entered, confidential material shall be lodged separately as exhibits and will be returned to counsel upon completion of the hearing for which the confidential material is submitted.

21. Nothing in this agreement shall be construed to prevent counsel from either side to conduct a reasonable investigation or contact potential witnesses.

22. This Order is subject to modification by stipulation or by further order of the Court.

IT IS AGREED.

## ATTACHMENT A

**CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT**

The undersigned hereby agrees that:

(1) I have had the opportunity to review the Stipulated Protective Order ("Order") in this action.

(2) I agree that I am a "QUALIFIED PERSON" as to set forth in the Order.

(3) As a QUALIFIED PERSON, I will not disclose any of the CONFIDENTIAL INFORMATION to any third person and further agree that my use of any CONFIDENTIAL INFORMATION shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.

(4) As a QUALIFIED PERSON, I further agree that on the termination or settlement of this action, I will surrender all CONFIDENTIAL INFORMATION which is in my possession, custody, or control in the manner set forth in paragraph 18 of the Order.

Dated: _____, 20\_\_\_

[Print Name]

[Sign Name]

ATTACHMENT B

**ATTORNEYS' EYES ONLY MATERIAL**

**NON-DISCLOSURE AGREEMENT**

The undersigned hereby agrees that:

(1) I have had the opportunity to review the Stipulated Protective Order ("Order") in this action.

(2) I agree that I am an "ATTORNEYS' EYES ONLY QUALIFIED PERSON" as set forth in the Order.

(3) As an ATTORNEYS' EYES ONLY QUALIFIED PERSON, I will not disclose any of the ATTORNEYS' EYES ONLY MATERIAL to any third person and further agree that my use of any ATTORNEYS' EYES ONLY MATERIAL shall be for the prosecution, defense, discovery, mediation and/or settlement of this action, and not for any other purpose.

(4) As an ATTORNEYS' EYES ONLY QUALIFIED PERSON, I further agree that on the termination or settlement of this action, I will surrender all ATTORNEYS' EYES ONLY MATERIAL which is in my possession, custody, or control in the manner set forth in paragraph 18 of the Order.

Dated: _____, 20\_\_\_

[Print Name]

[Sign Name]

# **ORDER**

In addition to the above Stipulation between the parties—which the Court adopts in its entirety—the Court further ORDERS parties seeking to file a document falling within this Protective Order to comply with Local Rules 141 and 141.1. Within five (5) days of a written of the Court allowing a document to be filed under seal, the party shall file a redacted copy of the document so filed. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

IT IS SO ORDERED.

Dated: __**September 25, 2017**__  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

Stipulated Protective Order